UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERY VAZQUEZ, on behalf of himself and
others similarly situated

   Plaintiff,

v.

CASE NO.:

EXECUTIVE MANAGEMENT
SERVICES, INC.,
a Foreign Profit Corporation.

   Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ERY VAZQUEZ, on behalf of himself and others similarly situated, by and through the undersigned attorney, sues the Defendant, EXECUTIVE MANAGEMENT SERVICES, INC., ("EMS") for failing to pay complete overtime wages for every hour worked, pursuant to 29 U.S.C. 216(b) (FLSA).

## INTRODUCTION

This is an action for unpaid overtime wages. Plaintiff and his fellow General/Commercial Cleaners have been systemically denied overtime wages to which they were entitled by law and now seek to hold EMS accountable. This was not an innocent mistake or oversight. In some instances, EMS refused to pay Plaintiff overtime when time records showed he worked more than 40 hours in a workweek. In other cases, EMS manipulated and/or destroyed time records to circumvent the FLSA's overtime requirement. When Plaintiff complained to EMS, they terminated his employment. EMS willfully violated the FLSA by denying Plaintiff and others similarly situated overtime wages. EMS knew exactly what they

were doing. Under no plausible interpretation of the FLSA were Plaintiff and his fellow General/Commercial Cleaners not entitled to overtime. Discovery in this case will reveal EMS systematically denied Plaintiff and his fellow General/Commercial Cleaners overtime wages required by the FLSA, willfully and maliciously circumventing the statute. For EMS's violations, Plaintiff and his fellow General/Commercial Cleaners now seek redress including unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

## NATURE OF CASE

1. Defendant, Executive Management Services, Inc. ("EMS") is a commercial cleaning and facility services company.

2. As part of its enterprise, EMS employs General/Commercial Cleaners.

3. Plaintiff's duties included cleaning windows at commercial establishments.

4. Plaintiff brings this case to address and correct the illegal pay practices conducted by EMS.

5. EMS violated the FLSA by failing to pay Plaintiff and his fellow General/Commercial Cleaners overtime wages based on their regular hourly rate for those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.

## PARTIES

6. EMS is a foreign for profit corporation which operates and conducts business in, among others, Orange County, Florida and is therefore, within the jurisdiction of this Court.

7. Plaintiff brings this FLSA collective action individually to recover from EMS overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION & VENUE

8. This action is brought under Federal law to recover from EMS overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

10. This Court has jurisdiction and venue over this complaint as each of EMS's violations of the FLSA complained of took place in Orange County, Florida.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiff worked for EMS as a General/Commercial Cleaner from June 17, 2019 until January 15, 2020.

12. At all material times during the last three years, EMS was an enterprise subject to the FLSA's provision overtime compensation.

13. At all material times, Plaintiff worked for EMS and was an "employee" of EMS within the meaning of the FLSA.

14. At all material times, EMS was an "employer" within the meaning of the FLSA and EMS continues to be an "employer" within the meaning of the FLSA.

15. At all material time, EMS was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. EMS's employees handled goods including cleaning supplies and equipment, and commercial vehicles which had traveled in interstate commerce.

17. At all material times during the last three years, EMS has had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00).

18. EMS is a commercial cleaning and facility services company.

19. Plaintiff did a specific job, i.e., cleaning windows at commercial establishments which was/is an integral part of the business of EMS.

20. By Plaintiff's estimates, he routinely worked over forty-five (45) hours or more in a work week.

21. In most if not all work-weeks, Plaintiff was paid for forty (40) hours a week although he was actually working over forty-five (45) hours in a week.

22. At all times relevant to this action, EMS failed to comply with 29 U.S.C. §§ 201-209, because EMS did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

23. During his employment with EMS, Plaintiff was not paid time and one-half his regular rate of pay, for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

24. On more than one occasion, Plaintiff was required and/or expected to work "off the clock."  For example, Plaintiff was expected to clean EMS's window washing towels at his home due to a limited supply of new towels from EMS.

25. Plaintiff was also expected to do specialized job for customers upon request, i.e., cleaning overhead light fixtures.  These jobs were expected to be completed "off the clock."

26. In addition, vehicle GPS records will reveal EMS improperly deducted compensable time from Plaintiff's pay.

27. Even more, when plaintiff met with his Supervisor or General Manager to discuss his job duties, Plaintiff was not compensated.

28. Plaintiff's Supervisor, Mauricio [LNU], would destroy and/or manipulate Plaintiff's time sheets.

29. Plaintiff repeatedly complained to Mauricio [LNU], and General Manager, Magnolia [LNU], that he was not being paid overtime. In response, they ensured him "they would look into it." In reality, his concerns were ignored.

30. On January 15, 2020, within days of Plaintiff complaining about not being paid overtime, EMS terminated Plaintiff. The termination was in retaliation for demanding the overtime compensation to which he was legally entitled pursuant to the FLSA.

31. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by EMS, are in EMS's possession.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff asserts his Count I claim under the FLSA, pursuant to 29 § 216(b), on behalf of himself and on behalf of all other similarly situated employees currently and formerly employed by EMS.

33. Pending any modifications necessitated by discovery, Plaintiff preliminarily define the following class:

> **216(b) Class: All current and former General/Commercial Cleaners of EMS who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

34. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of EMS and, upon information and belief, all suffered from the same policies of EMS; simply put, they were paid up to forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

# CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF THE FAIR LABOR STANDARDS ACT
### (FLSA) 29 U.S.C. §§ 201 *et seq.*
### RECOVERY OF OVERTIME COMPENSATION

35. Plaintiff reincorporates and readopts all allegations contained within Paragraph 1-34 above.

36. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

37. During his employment with EMS, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

38. As a result of EMS's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

39. EMS attempted to circumvent the FLSA's overtime requirements by manipulating or destroying Plaintiff's time sheets.

40. EMS was aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

41. EMS did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

42. EMS failed to post required FLSA informational listings as required by the FLSA.

43. EMS's conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

44. EMS willfully violated the FLSA.

45. Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against EMS for unpaid overtime compensation, an additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II:
### BREACH OF THE FAIR LABOR STANDARDS ACT
### (FLSA) 29 U.S.C. §§ 201 *et seq.*
### UNLAWFUL RETALIATION

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 28-31 above.

47. Plaintiff engaged in statutory protected activity under the FLSA.

48. Plaintiff has suffered an adverse action by EMS. Specifically, Plaintiff has been forced to retain the undersigned and incur expense after being terminated for inquiring about unpaid wages.

49. If Plaintiff had not exercised his rights under the FLSA, EMS would not have terminated Plaintiff's employment.

50. Plaintiff was terminated in retaliation for exercising his federally protected rights.

51. EMS terminated Plaintiff's employment to discourage and penalize Plaintiff for exercising his federally protected rights.

52. EMS discriminated against Plaintiff because he exercised his federally protected rights.

WHEREFORE, Plaintiff demands economic damages, liquidated damages, compensatory damages, reasonable attorneys' fees and costs incurred in this action, and all further relief this Court

deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 11th day of June, 2020.

                                **MORGAN & MORGAN, P.A.**

                                **/s/** *Marc R. Edelman*
                                **Marc R. Edelman, Esq.**
                                Fla. Bar No. 0096342
                                **George G. Triantis, Esq.**
                                Fla. Bar No. 1015574
                                **Morgan & Morgan, P.A.**
                                201 North Franklin Street, Suite 700
                                Tampa, FL 33602
                                Telephone: 813-223-5505
                                Fax:  813-257-0572
                                Email: MEdelman@forthepeople.com
                                Email: GTriantis@forthepeople.com
                                *Attorneys for Plaintiff*